AARON S. ROBBINS, Respondent, v. JOEL J. AUSTIN, Appellant.

*Deed — when one executed by an attorney, "Francis Meriam, attorney, by Eliza Meriam," will be held to pass the title of Eliza Meriam, the principal.*

A deed began: "This indenture, made the ninth day of June, one thousand eight hundred and seventy-four, between Eliza Meriam of * * * by Francis Meriam, her attorney, under and by virtue of a certain power." The attestation clause was as follows : "In witness whereof the said party of the first part by her attorney has hereunto set her hand and seal the day and year first above written." It was signed "Francis Meriam, attorney, by Eliza Meriam."

*Held,* that as the instrument showed, by its terms, that it was the deed of Eliza Meriam who was the owner of the fee, it conveyed a good title.

*Wilks* v. *Back* (2 East., 142) followed; *Townsend* v. *Corning* (23 Wend., 435) and *Spencer* v. *Field* (10 id., 88) distinguished.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action at the Kings County Special Term by the court without a jury.

*George C. Case*, for the appellant.

*John Z. Lott*, for the respondent.

Pratt, J.:

This is an action for the specific performance of a contract for the exchange of land. The only question involved is the execution of the deed from Eliza Meriam to William A. Bradley, through which the plaintiff claims title. The deed begins : "This indenture, made the ninth day of June, one thousand eight hundred and seventy-four, between Eliza Meriam, of (etc.), by Francis Meriam, her attorney, under and by virtue of a certain power." The attestation clause is : "In witness whereof the said party of the first part, by her attorney, hath hereunto set her hand and seal the day and year first above written;" signed "Francis Meriam, attorney, by Eliza Meriam."

We think this deed conveys a good title. The instrument fairly shows by its terms that it was the deed of Eliza Meriam, owner of the fee. The grant purports to be the grant of the principal, and the attestation clause shows that the principal is attesting to it

*her* hand, *her* seal. This complies with the requirements of the law. In *Wilks* v. *Back* (2 East, 142) it was held that the signature, "for James Brown, Mathias Wilks," was a good execution by Brown, and that authority is not overruled by any authority in this State, but is recognized law. (See *Townsend* v. *Corning*, 23 Wend., 435.)

In *Wilks* v. *Back*, Justice GROUSE says: "I accede to the doctrine in all the cases cited, that an attorney must execute his power in the name of his principal, and not in his own name; but here it was so done, for where is the difference between signing T. B. by M. W., his attorney, which must be admitted to be good, and M. W. for T. B. In either case the act of sealing and delivery is done in the name of the principal, and by his authority, and whether the attorney put the name first or last cannot affect the validity of the act done."

The cases upon which the defendant relies, namely: *Townsend* v. *Corning* (23 Wend., 435) and *Spencer* v. *Field* (10 id., page 88), do not contravene this doctrine, as in that case the deed was signed merely by the attorney, Harvey Baldwin; neither the hand nor seal of the grantor purport to be affixed to the instrument, and for that defect it was held invalid. (*Jones* v. *Carter*, 4 Hen. & M., 196.) A deed executed by "Bushrod Washington, attorney for Carter," was held to be good.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.